**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT<br>
DISTRICT OF NEW JERSEY<br>
NEWARK VICINAGE

| | |
|---|---|
| MARTIN VILLALOBOS, : | |
| : | Civ. Action No. 16-344 (SRC) |
| Petitioner, : | |
| : | |
| v. : | **OPINION** |
| : | |
| UNITED STATES OF AMERICA, : | |
| : | |
| Respondent. : | |

**CHESLER**, District Judge:

This matter is before the Court upon Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. (ECF No. 1.) Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings in the United States District Courts, the Court must promptly examine the petition, any attached exhibits, and the record of the prior proceedings. If it plainly appears that the petitioner is not entitled to relief, the Court must dismiss the motion and direct the Clerk to notify the petitioner. Having examined the petition and record of prior proceedings, for the reasons discussed below, the Court will dismiss all of Petitioner's claims except his restitution claim.

I.  BACKGROUND

On June 3, 2013, Petitioner was convicted, after a jury trial, on two counts of Receipt of Child Pornography, in violation of 18:2252A(a)(2)(A)&(B); one count of Possession of Child Pornography, in violation of 18L2252(a)(5(B) & 2; and two counts of Distribution of Child Pornography in violation of 18:2252A(a)(2)(A) and (B) & 2. United States v. Villalobos, 12-cr-290(SRC), (D.N.J. June 3, 2013) (Judgment, ECF No. 123.) Petitioner was sentenced on June 3, 2013 to a term of imprisonment of 240 months on Counts One, Two, Four and Five, to run concurrently; and a term of 52 months on Count Three to run consecutively to Counts to Counts One, Two, Four and Five of the Superseding Indictment, with a total term of 292 months. (Id., Sentencing Minutes, ECF No. 121.) Petitioner was also sentenced to a five-year term of supervised release on all counts, to run concurrently. (Id.) Restitution was ordered in the amount of $16,000.00, with interest waived; and a special assessment of $500.00 was ordered. (Id.)

Petitioner filed a direct appeal. (Id., Notice of Appeal, ECF No. 124.) The Third Circuit Court of Appeals denied Petitioner's appeal on March 26, 2014. United States v. Villalobos, 560 F. App'x 122 (3d Cir. 2014). The Third Circuit summarized the facts as follows:

2

> Villalobos was arrested on August 18, 2011 and charged in a complaint with one count of possession of child pornography. Thereafter, four sixty-day continuances were entered by joint application of defense counsel and the Government. On May 1, 2012, fifteen days after the fourth continuance expired, an indictment was entered, charging Villalobos with his original possession count, as well as two counts of receipt of child pornography. On August 14, 2012, a superseding indictment was entered, adding two counts of distribution of child pornography.
>
> Following the entry of the indictments, Villalobos filed multiple motions *pro se* despite the fact that he was represented by counsel. At a hearing on August 22, 2012, the Court granted Villalobos's request to represent himself at trial and proceed pro se. The Court also stated that every motion that Villalobos had filed pro se when he was represented would be deemed filed as of August 22.
>
> Villalobos moved to dismiss the superseding indictment, claiming, *inter alia*, pre-indictment delay and post-indictment delay in violation of the Speedy Trial Act, as well as Sixth Amendment violation. The District Court rejected Villalobos's arguments and denied the motion. At trial the jury found him guilty on all counts, and he was sentenced to 292 months' imprisonment.

Id. at 123.

On appeal, Petitioner alleged violation of the Speedy Trial Act, deprivation of his right to a Speedy Trial under the Sixth Amendment, and thirteen additional claims for relief, including that the sentence was substantively unreasonable and tainted by prejudice. Id. at 123-29, and 128 n.5. The Third Circuit denied

Petitioner's Speedy Trial Act and Sixth Amendment claims on the merits. Id. at 123-27. None of Petitioner's additional thirteen claims complied with appellate procedure, and the Court did not excuse the noncompliance. Id. at 128. Additionally, in his reply brief to the Third Circuit, Villalobos attempted to assert claims of ineffective assistance of counsel for the first time. Id. The Court deemed the claims waived because they were not properly raised in his opening brief. Id.

The Third Circuit addressed Petitioner's claim that the District Court erred by denying Petitioner's last request for a continuance. Id. at 129. The Court found there was no Due Process violation for denying the continuance. Id. Thus, the Third Circuit affirmed the judgment of the District Court.

In his motion under § 2255, Petitioner raised four grounds for relief. (Mot. under 28 U.S.C. § 2255, ECF No. 1 at 6.) In Ground One, Petitioner alleged his sentence was procedurally unreasonable. In Ground Two, Petitioner alleged his sentence was substantively unreasonable. In Ground Three, Petitioner alleged "certain sentencing enhancements should not be imposed." In Ground Four, Petitioner alleged his restitution amount should be recalculated based on a 2014 U.S. Supreme Court decision.

## II. CLAIMS NOT PROPERLY RAISED ON COLLATERAL REVIEW

28 U.S.C. § 2255 "may not be employed to relitigate questions which were raised and considered on direct appeal."

4

United States v. DeRewal, 10 F.3d 100, n. 5 (quoting Barton v. United States, 791 F.2d 265, 267 (2d. Cir. 1986)). Section 2255 "cannot be used as a substitute for a direct appeal." Gov't of the Virgin Islands v. Nicholas, 759 F.2d 1073, 74 (3d Cir. 1985). Therefore, a petitioner is barred from collaterally attacking his sentence on issues that could have been but were not raised on direct appeal. United States v. Frady, 456 U.S. 152, 162-63 (1982). To avoid the procedural bar, the defendant must show cause establishing his failure to raise the issues earlier, and (2) actual prejudice resulting from his failure to do so. Id. at 168. "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply the State's procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). "[W]here a constitutional violation has probably resulted in the conviction of one who is actually innocent" the prejudice standard is met. Id. at 496.

   A.   Claims Raised on Direct Appeal

On direct appeal, Petitioner raised claims under the Speedy Trial Act, the Sixth Amendment, and asserted that his sentence was substantively unreasonable. The Third Circuit denied his claims. See United States v. Villalobos, 560 F. App'x 122 (3d Cir. 2014.) These claims cannot be relitigated under § 2255.

B. Claims Not Raised on Direct Appeal

Petitioner admits that he did not raise his claim that his sentence was procedurally unreasonable on direct appeal, although he raised a similar claim. (Mot. under 28 U.S.C. § 2255, ECF No. 1 at 6, ¶ 15.) To the extent that Petitioner raised a substantially similar claim on direct appeal, and the appeal was denied, Petitioner's claim cannot be relitigated on collateral review.

Even if Petitioner raised a new sentencing claim, he has not established cause and prejudice to explain why he could not have brought the precise sentencing claim alleged in his § 2255 motion on direct appeal. See Senyszyn v. United States, Civ. Action 09-6120, 2010 WL 2483541, at *5 (D.N.J. June 4, 2010) (finding claim that sentence was unreasonable was procedurally defaulted by failure to raise it earlier). Therefore, this claim will also be dismissed.

C. Restitution Claim

Petitioner's claim for recalculation of his restitution rests on the Supreme Court case Paroline v. United States, 134 S. Ct. 1710 (2014). (ECF No. 1-3 at 6.) Petitioner filed his Notice of Appeal in the Third Circuit Court of Appeals on June 3, 2013. (United States v. Villalobos, 12cr290, (D.N.J. June 3, 2013) (Notice of Appeal, ECF No. 124). The Third Circuit denied Petitioner's appeal on March 26, 2014. United States v.

Villalobos, 560 F. App'x 122 (3d Cir. Mar. 26, 2014). Paroline was decided on April 23, 2014.

A conviction does not become final within the meaning of § 2255 until the time for seeking certiorari review expires, 90 days from the date on which the court of appeals affirmed the judgment of conviction. Kapral v. United States, 166 F.3d 565, 570-71 (3d Cir. 1999). Therefore, Petitioner's direct appeal became final on June 24, 2014. Because Paroline was decided before Petitioner's conviction became final, the rule announced by the Supreme Court in Paroline is applicable here.

In Paroline, the Supreme Court held that 18 U.S.C. § 2259, mandatory restitution, "limits restitution to those losses proximately caused by the defendant's offense conduct." 134 S. Ct. 1710, 1719. Petitioner contends Respondent did not establish proximate cause for the amount of restitution ordered for each victim. This claim will be allowed to proceed.

## III. CONCLUSION

For the reasons discussed above, the Court will dismiss all of Petitioner's claims except his restitution claim under Paroline. Respondent will be ordered to limit its answer to Petitioner's restitution claim.

DATED: Feb 1st, 2016

                                                  Stanley R. Chesler
                                                  United States District Judge