NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARTIN VILLALOBOS, :
: Civil Action No. 16-344 (SRC)
Petitioner, :
: **OPINION**
v. :
:
UNITED STATES OF AMERICA, :
:
Respondent. :
:

**CHESLER**, District Judge

*Pro se* Petitioner Martin Villalobos ("Villalobos" or "Petitioner"), a prisoner currently confined at the Federal Correctional Institute in Seagoville, Texas, has filed a motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255, on a number of grounds. In this Court's Opinion and Order of February 1, 2016, this Court dismissed in part Petitioner's section 2255 motion, dismissing the Petition on all issues except for one: the issue of whether Petitioner's restitution amount should be recalculated pursuant to Paroline v. United States, 134 S. Ct. 1710 (2014). For the reasons stated below, as to the sole issue raised by the Petition still pending before this Court, the § 2255 Petition is denied.

Petitioner contends that his restitution amount should be recalculated pursuant to the Supreme Court's decision in Paroline. In opposition, the Government argues that it is well-settled that § 2255 does not authorize the relief Petitioner seeks. That statute states:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was

>in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The Government points out that this provision expressly limits § 2255 claims to claims seeking release from custody. Petitioner's restitution claim does not fall within the scope of § 2255.

In reply, Petitioner does not dispute this argument but, rather, asks that the Court treat his motion as a motion for reconsideration instead, "to conserve the expense of deliberations." (Pet. Reply 2.) This Court declines to do so, for two reasons. First, under Third Circuit law, new arguments in the reply brief are waived. Anspach v. City of Philadelphia, 503 F.3d 256, 259 (3d Cir. 2007) ("failure to raise an argument in one's opening brief waives it.") Second, the Court has before it a fully-briefed § 2255 motion. It does not have a fully-briefed motion for reconsideration before it. The Court will decide the motion Petitioner presented and that the parties briefed.

Petitioner's restitution claim seeks relief that is not available under § 2255. His § 2255 Petition will be denied.

This Court must determine whether a certificate of appealability should issue. L.A.R. 22.2. The Court should issue a certificate only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). To make this showing, the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). As set forth above, this Court has concluded that the relief Petitioner seeks is unavailable under § 2255. It further concludes that Petitioner has not demonstrated that jurists of reason would find this assessment debatable or wrong. Therefore, this Court declines to issue a certificate of

appealability pursuant to section 2253(c)(2).

For the foregoing reasons, the Court will deny Petitioner's motion for relief under 28 U.S.C. § 2255. A certificate of appealability will not issue.

 s/ Stanley R. Chesler  
STANLEY R. CHESLER  
United States District Judge

Dated: April 3, 2017